2010 Ark. App. 803

**David Wayne FIKES, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–263.**

Court of Appeals of Arkansas.

Dec. 1, 2010.

---

Warren Darrell Blount, Hot Springs, for appellant.

Dustin McDaniel, Atty. Gen., Jake H. Jones, Asst. Atty. Gen., Little Rock, for appellee.

WAYMOND M. BROWN, Judge.

Appellant David Fikes was convicted by a jury of computer child pornography and was sentenced to fifteen years' imprisonment. His sole argument on appeal is that the trial court erred by denying his motion for directed verdict because the circumstantial evidence does not prove he committed the illegal acts.[1] We affirm.

A motion for directed verdict is a challenge to the sufficiency of the evi-

---

1. We previously ordered rebriefing because Fikes's brief was deficient in that it failed to include an abstract of the testimony presented during Fikes's defense. *See Fikes v. State,* 2010 Ark. App. 607, 2010 WL 3582544.

dence.[2] The test for determining the sufficiency of the evidence is whether substantial evidence, direct or |₂circumstantial, supports the verdict.[3] Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture.[4] On appeal, the evidence is reviewed in the light most favorable to the appellee and only the evidence supporting the verdict is considered.[5] Guilt can be established without eyewitness testimony, and evidence of guilt is not less because it is circumstantial.[6] The question of whether the circumstantial evidence excludes every hypothesis consistent with innocence is for the jury to decide.[7] Upon review, this court must determine whether the jury resorted to speculation and conjecture in reaching its verdict.[8]

▆ According to Arkansas Code Annotated section 5–27–603(a)(2),[9] a person commits computer child pornography if the person knowingly utilizes a computer online service, internet service, or local bulletin board service to seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another individual believed by the person to be a child, to engage in sexually explicit conduct.

|₃Here, Fikes does not challenge that computer child pornography took place. Rather, he argues that the evidence was insufficient to prove that he was the individual committing the illegal acts. This argument is without merit.

The evidence viewed in the light most favorable to the appellee is as follows. Yvette Schrock, a detective with the Washington County Sheriff's Department, had online chats with a person by the name of Big_Pops46 on at least eight occasions between January 7, 2009 and April 13, 2009.[10] Detective Schrock used an undercover persona of a thirteen-year-old girl named DeeDee Miller, with a screen name of PinkGloss35.[11] Big_Pops46 engaged PinkGloss35 in sexually explicit conversations throughout their chats. The sexual topics included masturbation, oral sex, anal sex, and regular sex. PinkGloss35 reminded Big_Pops46 on numerous occasions that she was only thirteen years old.

On January 8, 2009, Big_Pops46 told PinkGloss35 that he was forty-six years old, that he installs floor coverings for a living, and that he has two sons. He also told her that his sons did not live with him, and that their mother, his ex-wife, was remarried. PinkGloss35 told him that she was thirteen years old, that she lives with her mother, and that she is home schooled. Big_Pops46 asked PinkGloss35 did she want to see his penis, and after this the webcam came up. Detective Schrock stated that Big_Pops46 masturbated until ejaculation as |₄PinkGloss35 looked at the

---

2. *Ross v. State*, 346 Ark. 225, 57 S.W.3d 152 (2001).

3. *Id.*

4. *Id.*

5. *Id.*

6. *Id.*

7. *See Lewis v. State*, 2010 Ark. 209, 2010 WL 1838287.

8. *Id.*

9. (Repl.2006)

10. The initial contact was made by Big_Pops46.

11. During the initial chat on January 7, 2009, Big_Pops46 told PinkGloss35 that he was from Hot Springs. PinkGloss35 responded that she was from Fayetteville.

computer.[12] According to Det. Schrock, she could tell from the webcam that Big_Pops46 was a heavy-set white male with a small penis. She further testified that he had brown pubic hair, and that there were two scars of discoloration on his left leg. Detective Schrock stated that the webcam allowed her to see some portions of the background, which included a bed, and distinctive wallpaper with palm trees on it.

Detective Schrock testified that in the April 6, 2009 chat, Big_Pops46 told PinkGloss35 that he was married once, and that his wife "cheated among other things." He also stated that his sons were nineteen and twenty-four years old. Detective Schrock stated that there was a two-hour break in their chat session, and that Big_Pops46 explained that it was due to his computer updating. Big_Pops46 asked PinkGloss35 if she wanted him to send her an email of a girl that "looked" her age masturbating. PinkGloss35 gave him her email address; however, the email did not come through. Detective Schrock stated that at this point, it was important to get an email address from Big_Pops46 so she asked him to just send her anything to "make sure that [her email] was working." Big_Pops46 sent an email saying, "Hey, hun." Detective Schrock said that the email came from Big_Pops46@yahoo.com, and it showed that it originated from appellant, David Fikes. Detective Schrock testified that this was the first time she "had known of a name for Big_Pops46." During the course of this chat session, Big_Pops46 told PinkGloss35 that she might need to get a vibrator. He even offered to "loan" her one of his because he had a "few."

During the April 13, 2009 chat, Big_Pops46 told PinkGloss35 that he had the day off, and he offered to come to Fayetteville and get her if she wanted him to. Detective Schrock stated that there was about a two-hour break during the chat, and when the chat resumed, Big_Pops46 stated that he had gotten his hair trimmed. According to Det. Schrock, once the chat resumed, Big_Pops46 mentioned dating PinkGloss35's mother, waiting for her mother to fall asleep, and then getting into bed with PinkGloss35. He told PinkGloss35 that he would allow her to watch as he was having sex with her mother. He also asked if she would be willing to have oral sex with her mother, and if she would be willing to have oral sex with him after he had sex with her mother. Detective Schrock stated that this was the last time PinkGloss35 chatted with Big_Pops46. She said that they started getting their warrants together for Fikes. She also stated that they were concerned because they learned that Fikes was living with a woman who had a nine-year-old daughter. Detective Schrock said that she learned Big_Pops46 was registered to Fikes, that they had tracked Big_Pops46's IP address, and that during one of the chats, Big_Pops46 had directed PinkGloss35 to his profile. The profile included a photograph of Fikes. Detective Schrock stated that she sent the information to the prosecutor and was able to obtain a warrant for Fikes. She said that she also sent the information and transcripts of the chats to the Garland County Sheriff and the Arkansas State Police Crimes Against Children unit. A search warrant was obtained and executed with Fikes's arrest warrant.

On cross-examination, Det. Schrock stated that if someone committed a crime on the internet and used a fake name to conceal their identity, it would not work because the person's identity could be un-

---

**12.** There was a video made of Big_Pops46 masturbating and ejaculating.

covered by tracing the messages back to the computer they originated from. Detective Schrock admitted that Fikes has "enormous callouses" on his knuckles; however, she testified that Big_Pops46 never showed the backs of his hands while he was masturbating in front of the webcam.

On redirect, Det. Schrock stated that Big_Pops46 referred PinkGloss35 to a picture of himself, which was Fikes, and that Big_Pops46 sent PinkGloss35 an email containing Fikes's name. She also stated that she had probable cause to seek an arrest warrant for Fikes.

On re-cross examination, when questioned about photographs taken of Fikes's penis by Dr. Robert Aspell, Det. Schrock testified that she was not pleased with the photos because the foreskin was not pulled back under the glans of the penis. Upon further redirect examination, Det. Schrock said that she could not see the color of Fikes's pubic hair on Dr. Aspell's photos.

Investigator Dennis Morris testified that he worked for the Arkansas State Police. He stated that he was assigned to the Internet Crimes Against Children Task Force based in Hot Springs. Investigator Morris said that he was contacted by Sergeant Joel Ware on April 20, 2009, concerning Fikes, and asked to prepare a search warrant to seize any computers, webcams, and "things of that nature." Investigator Morris stated that Det. Schrock had sent an arrest warrant to his office and they were to arrest Fikes at the time of the search. Investigator Morris testified that he served the warrants on Fikes that same day. According to Investigator Morris, Fikes and a juvenile girl were at the home at the time the warrants were served on Fikes. Fikes also told him that his girlfriend, Sherrie Gamble, lived there.

Investigator Morris stated that when he told Fikes what the warrants were for, Fikes stated that he had not been on Yahoo "in a couple of years." Investigator Morris said that a Hewlett Packard computer was seized. He also stated that they found a Logitech webcam pushed back behind some clutter, in a cabinet, on the computer desk. Upon further examination, Investigator Morris said that he found lubricants and a couple of vibrators in the master bedroom.[13] He testified that when he entered the master bedroom, he knew that it was the room Big_Pops46 was in when he masturbated on the webcam because he remembered seeing things in the video that were also present in the room. Investigator Morris stated that he did not notice the callouses on Fikes's hands when he arrested Fikes; however, on cross-examination, he explained that he was not the officer who handcuffed Fikes.

Detective Cory Roberts of the Fayetteville Police Department stated that he is assigned to the Special Investigations unit focusing on forensic investigations on computers and child pornography. He stated that he determined that the registered owner of the HP computer seized from Fikes's house was Fikes. According to Det. Roberts, there were two user names on Yahoo messenger, Big_Pops44 and Big_Pops46. Detective Roberts said that he was able to find five archived chats with PinkGloss35 under Big_Pops46 for March 18, March 19, March 20, April 6, and April 13. Det. Roberts stated that he found pictures of Big_Pops46 that were identical to the one furnished to him by Det. Schrock. Detective Roberts said that the computer's history showed some indication of the chats with PinkGloss35, and it also showed that her profile had been accessed on March 18. Detective Roberts testified that he also found a 2008 tax

---

13. The vibrators were found in a dresser inside the master bathroom.

return for Fikes on the computer, and that TurboTax had been accessed on April 6, 2009, between the two chat sessions Big_Pops46 and PinkGloss35 had on that day. According to Det. Roberts, the tax program began "approximately 2 minutes after the chat with PinkGloss35 ended." Detective Roberts stated that he assumed a password was needed to enter Big_Pops46's account.

On cross-examination, Det. Roberts stated that although he found five chats, there could have been nine. He explained that if a suspect used a different computer, those chats would not be on the computer seized.

Fikes moved for a directed verdict at the conclusion of the State's case. He argued that the State failed to prove that he was the person involved in the chats with Det. Schrock. The motion was denied, and Fikes presented his case.

Dr. Aspell testified that he was a urologist and that he created an artificial erection in Fikes by placing a tourniquet around the base of Fikes's penis and injecting "the corporal bodies with saline." According to Dr. Aspell, Fikes could only tolerate "40 cc's of saline." Dr. Aspell stated that at the time of his examination and photos, the foreskin on Fikes's penis did not retract fully below the head, and that the corona could not be seen.

On cross-examination, Dr. Aspell stated that he did not retract Fikes's foreskin because Fikes had a large needle in the side of his penis. He continued, "He did not have phimosis so I suspect that the foreskin, with force, could be retracted. In the video, there is a small spot of discoloration on the left leg. The video still photo could possibly be of Mr. Fikes with the foreskin retracted." Dr. Aspell acknowledged that there were more things he could have done in the examination.

Sherrie Gamble testified that she was Fikes's fiancée, and that she had lived with him for the past five years. Gamble said that Fikes's hands had distinctive callouses on them. She stated that she did not know Fikes's whereabouts on January 8, 2009.

On cross-examination, Gamble stated that she worked for a real estate appraisal company from 8:00 a.m. to 5:00 p.m. everyday performing data entry. She said that Fikes's work schedule varied. More specifically, she stated that between January and April 2009, jobs were "kind of off and on" for Fikes. She said that it was common for Fikes to be at home when he did not work. Gamble testified that they used their computer, found in the master bedroom, for personal use. According to her, they are "hardly ever on it at night." She also said, "I work behind a computer all day so, you know, I don't go home and play on the computer all day." Gamble stated that she did not know Fikes's email address. According to Gamble, Fikes had an email account years ago, and was unable to access it using his password, so he "just said forget it." Gamble testified that Fikes does not use email. She said that Fikes mainly does his taxes online, and that she makes reservations and "all that stuff." Gamble confirmed that Fikes was forty-six years old. She said that she watched the video, but could not see "the entire back side" of the person's hands. She again testified that she did not know whether or not Fikes was home on January 8, 2009.

Beverly Haney testified that she works for Floors Unlimited, and that Fikes is an independent contractor there. According to her testimony, Fikes was assigned to jobs on the dates the chats between Big_Pops46 and PinkGloss35 took place. She also stated that the jobs were completed and Fikes was paid for those jobs.

However, on cross-examination, Haney testified that Fikes has a helper, and that she could not verify that Fikes was at the assigned locations from 8:00 a.m. to 5:00 p.m. on the dates in question.

Investigator Michael Wright of the Garland County Sheriff's Department testified that he was present at Dr. Aspell's office when Dr. Aspell performed a "procedure" on Fikes. According to Investigator Wright, Fikes has a brown mark on his thigh; however, he stated that he could not say whether or not it was the same as the "brown mark on the person on the video."

On cross-examination, Investigator Wright stated that the penis on the video and Fikes's penis in Dr. Aspell's office were in two different states. According to Investigator Wright, the penis on the video was being manipulated by the hand, and the foreskin was pulled tight. The foreskin of Fikes's penis was intact in Dr. Aspell's office. He also stated that he noticed large blisters on Fikes's hands in Dr. Aspell's office. Investigator Wright testified that he did not recall a point in the video "where that part of the hands was shown."

Fikes testified that he was shocked when he learned about the charge against him because he "don't get on the computer that much." Fikes denied conversing with PinkGloss35 under the name of Big_Pops46. He stated that he never used the "handle Big_Pops46." He did admit to using a similar name five or six years ago. He continued, "I have tried to figure out who may have had access to my computer, but have no definite answer." Fikes said that he completed his taxes the weekend before April 15, 2009. He stated that although he did not remember the exact dates, he went to all of his assigned jobs. Fikes acknowledged that he had two sons, and at the time of his trial, his oldest son was twenty-five years old.

On cross-examination, Fikes stated that he sometime makes it home around noon as a floor installer. Fikes testified that the photo connected to Big_Pops46's profile was an old picture he took with his cell phone; however, he said that he did not set up the profile with that picture. When asked about the blemish seen on his thigh in the photo he took at Dr. Nirmal Kilambi's office, Fikes replied that it must have been a mosquito mark or something. Fikes explained that the lubricant found on the computer desk at his home was there because Gamble used it each morning when she was getting dressed.

Dr. Kilambi was called by the State as a rebuttal witness. Dr. Kilambi stated that he is a practicing urologist in Fayetteville. He testified that he viewed the video from the webcam of Big_Pops46 masturbating. He stated that there were similarities between the pictures from the webcam and Fikes: the nails were similar, the areas of the lower abdomen and the genital region were similar, and there were similar areas of discoloration.

Fikes renewed his directed verdict motion at the conclusion of all the evidence. The motion was denied, and he was found guilty of the charge against him. He was sentenced to fifteen years' imprisonment. This appeal followed.

The circumstantial evidence was sufficient to support the jury's verdict: both Fikes and Big_Pops46 were forty-six-year-old floor installers, with two sons; Big_Pops46 used Fikes's personal computer, located in the bedroom Fikes shared with his girlfriend, to communicate with PinkGloss35 between January and April 2009; Fikes's girlfriend testified that during this time, Fikes's workload varied; on January 8, 2009, Big_Pops46 masturbated

over a webcam in Fikes's bedroom; a webcam was found in Fikes's bedroom behind some clutter in the computer desk; Fikes shared the home with his girlfriend and her minor daughter, and no other male lived with them; on April 6, 2009, two minutes after Big_Pops46 and PinkGloss35 ended their first chat, Fikes completed his taxes on the same computer; Big_Pops46 had discoloration on his left thigh, and Fikes had similar discoloration on the same thigh. Accordingly, we affirm.

Affirmed.

HART and BAKER, JJ., agree.